# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### January 14, 2015 Session

## STATE OF TENNESSEE v. THOMAS LEE CAREY, JR.

**Appeal from the Criminal Court for Davidson County**
**No. 2010A254      Mark J. Fishburn, Judge**

_____

**No. M2013-02483-CCA-R3-CD - Filed March 10, 2015**

_____

THOMAS T. WOODALL, J., concurring.

I concur in the results reached in the majority opinion. I do not join in that portion of the opinion which holds that admission into evidence of the autopsy report itself was not a violation of the Confrontation Clause. The first page of the autopsy report states that the "probable cause of death" was "multiple [gunshot wounds]" and that the "manner of death" was a homicide.

I am simply unable to conclude, based upon the conclusion of a plurality (but not majority) of Justices of the Supreme Court in *Williams v. Illinois*, ____ U.S. _____, 132 S.Ct. 222 (2012), that the autopsy report in the case *sub judice* is not testimonial. Under the circumstances of this case it defies logic to conclude that the autopsy report was not prepared for use at a trial of the perpetrator(s) of the homicide of the victim.

While I believe the autopsy report prepared by Dr. Jones should have not been admissible, I do agree with the majority opinion that Dr. McMaster's testimony as an expert witness was not a violation of the Confrontation Clause simply because she reviewed Dr. Jones' autopsy report, as long as she did not "recite the conclusion of Dr. Jones' report." Error in the admission into evidence of the autopsy report as an exhibit was rendered harmless beyond a reasonable doubt by Dr. McMaster's testimony.

_____
THOMAS T. WOODALL, PRESIDING JUDGE